UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE EARLY, | : | |
|     *Plaintiff*, | : | 3:24-cv-219 (SVN) |
| | : | |
| v. | : | |
| | : | |
| ANGEL QUIROS, *et al.*, | : | July 10, 2024 |
|     *Defendants*. | : | |

## INITIAL REVIEW ORDER

*Pro se* Plaintiff Wayne Early, a sentenced inmate[1] currently held at Cheshire Correctional Institution, has filed this civil action under 42 U.S.C. § 1983, based on an assault committed against him by another inmate on November 29, 2023, while he was a pretrial detainee at New Haven Correctional Center ("NHCC"). After Plaintiff commenced this action, he filed a motion to amend his complaint, which the Court granted. Mot. to Amend Compl., ECF No. 11; *see also* Order, ECF No. 12. In the amended complaint, Plaintiff names Department of Correction ("DOC") Commissioner Angel Quiros and five officials who worked at NHCC at the time relevant to this action, all in their individual capacities only: Warden Christopher Brunelle, Captain Lewis, Lieutenant Champion, Correctional Officer Hester, and Captain Atkinson.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] Information on the Department of Correction ("DOC") website shows that Plaintiff was admitted to DOC on August 1, 2022, and sentenced on April 2, 2024. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=317458 (last visited July 10, 2024). The Court may take judicial notice of matters of public record. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[2] Based on this initial review, the Court orders as follows.

## I.  FACTUAL BACKGROUND

The Court does not include herein all of the allegations from the amended complaint but summarizes only those facts necessary to provide context for initial review.

On November 29, 2023, Plaintiff was informed by Correctional Officer Hester that one inmate Holley was transferring to A Block at NHCC, where Plaintiff was then housed. Am. Compl., ECF No. 11, ¶ 1. From 9:00 a.m. to 1:00 p.m., Plaintiff explained to Defendant Hester in detail that inmate Holley "has a problem" with Plaintiff. *Id.* at 10–11 (CN 9602 attached to complaint);[3] *see also id.* ¶¶ 2–3. Around 1:00 p.m., Correctional Officer Hester told Plaintiff: "You owe me one, I/M Holley is not moving to A Block." *Id.* ¶¶ 3–4.

Despite Correctional Officer Hester's promise, at 2:00 p.m., inmate Holley moved to A Block, into the same tier as Plaintiff. *Id.* ¶¶ 5–6. At the time of inmate Holley's transfer, Defendant

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

[3] Plaintiff has attached as part of his amended complaint a Level 1 Inmate Grievance Form. ECF No. 11 at 10–11. For initial review purposes, the Court considers the form as part of the complaint because the form is integral to Plaintiff's claims, and also because Plaintiff's complaint incorporates the document by reference in discussing his efforts at exhausting his claims. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*)).

Hester was aware that Holley posed a danger to Plaintiff. *Id.* After the A-Block correctional staff opened the dayroom door, Holley immediately assaulted Plaintiff. *Id.* ¶¶ 6–7.

Following a period in segregation, *id.* ¶¶ 7–8, Plaintiff filed an inmate request form, CN 9601, to Warden Brunelle, Captain Lewis and Lieutenant Champion, *id.* ¶¶ 8–9. After fifteen days, Plaintiff had not received a response, and so he filed a Level 1 Grievance. *Id.* ¶¶ 9–10; *see also id.* at 10–11.

Plaintiff seeks damages for his injuries suffered and injunctive relief to prevent DOC staff from harassing Plaintiff. *Id.* at 9.

## II.     DISCUSSION

The Court construes Plaintiff's amended complaint to bring a claim of deliberate indifference to his health and safety under the Fourteenth Amendment.

### A.     Section 1983 Claims

As publicly-available information shows that Plaintiff was an unsentenced inmate in DOC custody during 2023, the Court analyzes his claims of deliberate indifference under Fourteenth Amendment substantive due process standards. *See Darnell v. Pineiro*, 849 F.3d 17, 29–35 (2d Cir. 2017). A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two elements: (1) whether the plaintiff was subjected to an objectively serious condition or medical need; and (2) whether the defendant acted "with at least deliberate indifference" to the challenged condition or need. *Id.* at 29.

#### 1.     *Official Capacity Claims*

Plaintiff's amended complaint seeks injunctive relief against Defendants. While Plaintiff indicates he has filed suit against Defendants only in their individual capacities, he cannot seek

3

injunctive relief against Defendants in their individual capacities because they have no authority to provide such relief in those capacities. *See Kuck v. Danaher*, 822 F. Supp. 2d 109, 143 (D. Conn. 2011). Recognizing Plaintiff's status as a *pro se* litigant, the Court analyzes whether Plaintiff may seek the requested injunctive relief against Defendants in their official capacities, instead.

Plaintiff may proceed for injunctive or declaratory relief against a defendant in his or her official capacity only to the extent he alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Further, a claim for injunctive relief can only proceed against defendants who "plausibly have the authority to grant him the prospective relief." *See Smith v. Perez*, No. 19-cv-1758 (VAB), 2020 WL 2307643, at *6 (D. Conn. May 8, 2020).

Plaintiff's allegations describe facts that occurred in the past. No allegations suggest that he is subject to any ongoing or continuing violation of his constitutional rights, including any alleged ongoing harassment by DOC. Accordingly, Plaintiff has not alleged facts sufficient to support a claim for injunctive relief against Defendants in their official capacities.

Thus, the Court considers only whether Plaintiff has sufficiently alleged claims against Defendants in their individual capacities for monetary damages.

### 2. Personal Involvement

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Moffitt v. Town of*

*Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991))). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

Plaintiff indicates that he received no response to his inmate request submitted to Captain Lewis, Lieutenant Champion, and Warden Brunelle after he completed his period of segregation. But a correctional official's receipt of a grievance alone does not suffice to establish that official's personal involvement in a constitutional violation. *See Robinson v. Doe 1*, No. 3:23-cv-1631 (SVN), 2024 WL 1639539, at *5 (D. Conn. Apr. 16, 2024) (explaining that grievance sent to defendant was not sufficient to establish that defendant's personal involvement in the constitutional violation); *see also Sherman v. Doe*, No. 3:22-cv-1159 (VAB), 2023 WL 2837590, at *8 (D. Conn. Apr. 7, 2023) (collecting cases).

Further, to the extent Captain Lewis, Lieutenant Champion, Warden Brunelle, and Commissioner Quiros are sued in their roles as supervisory officials to Correctional Officer Hester, Plaintiff cannot sue these Defendants in their supervisory capacity alone, without alleging their personal involvement in the underlying constitutional violation. *See Tangreti*, 983 F.3d at 620. Plaintiff has pleaded no facts in support of a claim against Defendants Lewis, Champion, Brunelle, and Quiros; based on the allegations of the amended complaint, none of these Defendants were personally involved in any possible deliberate indifference claim based on Plaintiff's assault at the hands of inmate Holley.

Thus, the Court will analyze whether Plaintiff may bring a Fourteenth Amendment deliberate indifference claim against Correctional Officer Hester alone.

### 3. *Fourteenth Amendment Deliberate Indifference: Failure to Protect*

The Court analyzes whether Plaintiff may bring a claim against Defendant Hester under the Fourteenth Amendment for deliberate indifference to Plaintiff's safety, in failing to protect Plaintiff from inmate Holley.

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Walker v. Schult*, 717 F.3d 119, 128 (2d Cir. 2013) (alterations in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (cleaned up)). However, not every injury suffered by one inmate at the hands of another imposes constitutional liability on those officials responsible for the victim's safety. *Farmer*, 511 U.S. at 834. "Failing to protect a pretrial detainee from assault rises to the level of a constitutional violation of the Fourteenth Amendment only where an official acted with 'deliberate indifference to a substantial risk of serious harm' to the detainee." *Sanchez v. Nassau Cnty.*, 662 F. Supp. 3d 369, 405 (E.D.N.Y. 2023) (quoting *Farmer*, 511 U.S. at 836).

A Fourteenth Amendment deliberate indifference claim based on an official's failure to protect a detainee has two prongs. *Little v. Cnty. of Nassau*, --- F. Supp. 3d ---, 2023 WL 8828825, at *6 (E.D.N.Y. 2023). First, the plaintiff must show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Darnell*, 849 F.3d at 29. Second, there is a subjective prong: the plaintiff must show "that the officer acted with at least deliberate indifference to the challenged conditions." *Id.* "[I]n in the context of the Fourteenth Amendment," the subjective prong means that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should

6

have known, that the condition posed an excessive risk to health or safety." *Sanchez*, 662 F. Supp. 3d at 406 (quoting *Darnell*, 849 F.3d at 35).

The Court holds that Plaintiff has satisfied both prongs for purposes of initial review.

### a.     *Objective prong*

As to the objective prong, "[i]n assessing whether the risk of an inmate's violence against other inmates is 'sufficiently serious' to trigger constitutional protection, the focus of inquiry must be, not the extent of the physical injuries sustained in an attack, but rather the existence of a 'substantial risk of serious harm.'" *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997), *aff'd sub nom. Heisler v. Rockland Cnty.*, 164 F.3d 618 (2d Cir. 1998) (internal citation committed) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "District courts in the Second Circuit have pointed to the existence, or lack thereof, of no-contact orders as indications that a substantial risk of harm may exist." *Mays v. Falu*, No. 18-cv-6145 (KMK), 2019 WL 6619330, at *8 (S.D.N.Y. Dec. 5, 2019) (collecting cases). However, the lack of an allegation of a no contact order is not fatal to a plaintiff's claims if the plaintiff can otherwise allege that there existed an excessive risk posed to his or her safety. *See, e.g.*, *Andrews v. Gates*, No. 17-cv-1233 (SRU), 2019 WL 2930063, at *6 (D. Conn. July 8, 2019) (finding that the failure to maintain a keep separate order created an "opportunity to assault" plaintiff which posed an "excessive risk to [the plaintiff's] health and safety" and "satisfie[d] the objective component of the deliberate indifference standard").

While Plaintiff has not alleged that DOC maintained a separation order between Plaintiff and inmate Holley, Plaintiff has alleged sufficient information in satisfaction of the objective prong for purposes of initial review. Plaintiff discussed in detail the risk of harm posed by inmate Holley with Defendant Hester from 9:00 a.m. to 1:00 p.m. the day of the transfer. Compl. at 10–11. The

nature of those details—and whether they included an active or former separation order between Holley and Plaintiff, given Hester's statement to Plaintiff that Holley would not in fact be moving to Plaintiff's block—can be addressed as this case proceeds.

### b. *Subjective prong*

To satisfy the subjective prong, Plaintiff must allege information showing that Defendant Hester "recklessly failed to act with reasonable care" or even that he "knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Plaintiff's complaint clearly satisfies this standard for initial review purposes. Plaintiff alleges that he told Defendant Hester in detail the risk for violence posed by exposing Plaintiff to inmate Holley. In response, Defendant Hester acknowledged the risk of violence and told Plaintiff that inmate Holley would not be transferred to A Block.[4] Thus, Plaintiff has demonstrated that Defendant Hester knew the risk posed by exposing Plaintiff to inmate Holley and ignored that risk by allowing inmate Holley to move into Plaintiff's block and tier.

### 4. *Fourteenth Amendment Deliberate Indifference: Failure to Intervene*

Plaintiff may also be able to pursue a Fourteenth Amendment deliberate indifference claim based on Defendant Hester's failure to intervene in the assault committed by inmate Holley.

"Allowing an attack on an inmate to proceed without intervening is a constitutional violation in certain circumstances." *Rosen v. City of N.Y.*, 667 F. Supp. 2d 355, 359 (S.D.N.Y. 2009) (quoting *Baker v. Tarascio*, No. 3:05–CV–548 (RNC), 2009 WL 581608, at *4 (D. Conn. Mar. 6, 2009)); *see also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (recognizing a

---

[4] For purposes of initial review, the Court assumes that Defendant Hester's statement that Plaintiff "owed him one" because inmate Holley would not be moving to A Block indicates that Defendant Hester had authority to prevent such movement.

constitutional violation lies "where officials simply stood by and permitted the attack to proceed"). "[F]ailing to intervene is a Fourteenth Amendment violation where the officer acted with 'deliberate indifference to a substantial risk of serious harm to'" a prisoner. *Rosen*, 667 F. Supp. 2d at 359–60 (quoting *Farmer*, 511 U.S. at 828). The same standard applied above to the claim for deliberate indifference in failing to protect against (*i.e.*, prevent) Holley's attack likewise applies to the claim for deliberate indifference against Defendant Hester for "failing to intervene in the attack once it commenced." *Little*, 2023 WL 8828825, at *10 (quoting *Darnell*, 849 F.3d at 33 n.9 ("[D]eliberate indifference means the same thing for each type of claim under the Fourteenth Amendment.")).

        *a.*    *Objective prong*

Plaintiff alleges that the assault committed by inmate Holley was "vicious[]," which, for initial review purposes, satisfies the objective prong. ECF No. 11 at 11; *see, e.g.*, *Blake v. Sexton*, No. 12 Civ. 7245, 2016 WL 1241525, at *4 (S.D.N.Y. Mar. 24, 2016) (finding inmate attack involving punches to the skull satisfied the objective prong of a failure to intervene claim).

        *b.*    *Subjective prong*

However, Plaintiff has not satisfied the subjective prong of a failure to intervene claim.

"In the context of a failure to intervene claim, '[a]n officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene.'" *Rosen*, 667 F. Supp. 2d at 360 (alterations in original) (quoting *Baker*, 2009 WL 581608, at *4). This requires that Plaintiff show that Defendant Hester "observed or had reason to know" about the ongoing attack and "had an extended opportunity to stop the attack but failed to take any action to do so." *Little*, 2023 WL

9

8828825, at *10 (quoting *Fredricks v. Parrilla*, No. 20-CV-5738, 2022 WL 3053654, at *11 (S.D.N.Y. Aug. 3, 2022)).

Plaintiff has included no allegations that Defendant Hester knew or had reason to know of the assault being committed by inmate Holley *as the assault happened*. There are no allegations that Hester was even present when the assault occurred. Accordingly, Plaintiff may not pursue a failure to intervene claim against Defendant Hester.

B.     State Law Claims

The Court also construes the amended complaint as asserting a claim of negligence against Defendant Hester for failing to prevent the assault committed by inmate Holley.[5]

However, Connecticut General Statutes § 4-165(a) provides: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." "Although the meaning of these terms is not clearly defined, the Connecticut Supreme Court has held that the conduct must amount to 'more than gross negligence,' and evince 'a reckless disregard of the just rights or safety of others or of the consequences of the action.'" *Blango v. Ludovico*, No. 3:23-cv-212 (SVN), 2024 WL 988164, at *12 (D. Conn. Mar. 7, 2024) (quoting *Martin v. Brady*, 261 Conn. 372, 379 (2002)).

Accordingly, statutory immunity bars Plaintiff's claims to the extent they sound in negligence alone. However, the Court will address whether Plaintiff may pursue a claim under Connecticut common law for recklessness.

---

[5] The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See also DeNuzzo v. Yale New Haven Hosp.*, 465 F. Supp. 2d 148, 151–52 (D. Conn. 2006).

10

Under Connecticut common law, recklessness is "more than negligence, more than gross negligence." *Scandul v. Student Transp. of Am., Inc.*, No. 3:16-cv-58 (JBA), 2017 WL 1086766, at *2 (D. Conn. Mar. 22, 2017) (quoting *Bordonaro v. Senk*, 147 A. 136, 137 (Conn. 1929)). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man . . . ." *Jenkins v. Road Scholar Trans., LLC*, 835 F. App'x 619, 622 (2d Cir. 2020) (summary order) (quoting *Doe v. Boy Scouts of Am. Corp.*, 323 Conn. 303, 330 (2016) (*en banc*)). "The actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent." *Jenkins*, 835 F. App'x at 622 (cleaned up) (quoting *Doe*, 323 Conn. at 330).

For the reasons discussed by the Court in the context of Plaintiff's section 1983 claims, Plaintiff may pursue a claim of recklessness against Defendant Hester. Plaintiff alleges that he discussed with Defendant Hester the danger posed by inmate Holley for roughly four hours. Defendant Hester then admitted to understanding that Holley posed a threat to Plaintiff. Thus, when inmate Holley was permitted to transfer to Block A and Plaintiff's tier specifically, Defendant Hester failed to protect Plaintiff despite knowing the serious danger Holley posed to Plaintiff. Plaintiff's state law recklessness theory is essentially the same as his constitutional failure to protect theory. *See Tangreti v. Semple*, No. 3:17-cv-1420 (MPS), 2019 WL 4958053, at *23 (D. Conn. Oct. 8, 2019), *rev'd in part on other grounds sub nom. Tangreti*, 983 F.3d at 614 n.2 (denying summary judgment on plaintiff's state law recklessness claim based on defendants' failure to protect her from sexual assault, which the Second Circuit did not address on appeal).

*******

**ORDERS**

**Based on the foregoing, the Court issues the following orders:**

Plaintiff may proceed on his individual capacity claims based on:

(1) a Fourteenth Amendment violation arising from Officer Hester failing to protect Plaintiff from the assault committed by inmate Holley;

(2) a state law recklessness claim against Officer Hester for failing to protect Plaintiff from the assault;

All other claims are DISMISSED. Defendants Quiros, Brunelle, Lewis, and Champion are also dismissed from this action.

**Plaintiff has two options as to how to proceed in response to this Initial Review Order:**

(1) If Plaintiff wishes to proceed immediately **only** on the claims set forth above against Officer Hester, he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before **August 9, 2024**, informing the Court that he elects to proceed with service as to the claims set forth in this paragraph. After Plaintiff files this notice, the Court will begin the effort to serve process on Defendant Hester in his individual capacity as described above.

(2) Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint by **August 9, 2024**. **An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint.** The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants

named therein.  If Plaintiff elects to file an amended complaint, the complaint this Initial Review Order addresses will **not** proceed to service of process on any defendant.

If the Court receives no response from Plaintiff by **August 9, 2024**, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Changes of Address.**  If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the Court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff should also notify Defendant or counsel for Defendant of his new address.

**SO ORDERED** at Hartford, Connecticut, this 10th day of July, 2024.

                                          */s/ Sarala V. Nagala*
                                          SARALA V. NAGALA
                                          UNITED STATES DISTRICT JUDGE